UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jaime Veliz, | Court File No.: 13-cv-02004-RHK-TNL |
| Plaintiff, | |
| vs. | **DEFENDANT L. DAHLBERG ENTERPRISES, INC.'S ANSWER TO COMPLAINT** |
| L. Dahlberg Enterprises, Inc., a Minnesota corporation d/b/a Wally's Sports & Clothing, | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Defendant L. Dahlberg Enterprises, Inc., a Minnesota corporation d/b/a Wally's Sports & Clothing ("Dahlberg"), for its Answer to Plaintiff's Complaint, states and alleges as follows:

1. Dahlberg denies each and every matter, fact and thing alleged in the Complaint, except as is hereinafter specifically admitted or qualified by this Answer. Plaintiff is also put to the strict proof thereof regarding all of his allegations unless specifically admitted.

2. In response to the allegations made by Plaintiff in paragraph 1, Dahlberg admits that its store is located at 218 N. Chestnut Street, Chaska, MN 55318 and is a place of public accommodation. While Dahlberg knows that Plaintiff utilizes a wheelchair, Dahlberg is without sufficient information to admit or deny the allegation that Plaintiff is a disabled person and, on that basis, denies the allegation and puts Plaintiff to the strict proof thereof. Dahlberg admits that Plaintiff alleges that he has brought this action against Dahlberg for an alleged failure to operate a facility that is fully accessible to or useable by disabled persons, but Dahlberg denies these allegations and alleges that its facility is fully accessible to and usable by disabled persons. Dahlberg denies the remaining allegations.

3. In response to the allegations made by Plaintiff in paragraph 2, Dahlberg admits that Plaintiff seeks a declaration that Dahlberg's store violates federal law and that Plaintiff seeks an injunction requiring alterations to Dahlberg's store. Dahlberg denies that it is in violation of any law or that Plaintiff is entitled to injunctive relief. Dahlberg specifically denies that it is not in compliance with the Americans With Disabilities Act ("ADA"), that it has a historical failure of compliance with the ADA or that its facility is not fully accessible or usable by disabled persons. Dahlberg denies the remaining allegations.

4. Dahlberg admits the allegations of paragraph 3.

5. In response to the allegations of paragraph 4, Dahlberg admits that venue is proper but denies that it engaged in any actionable acts or omissions.

6. In response to the allegations of paragraph 5, while Dahlberg knows that Plaintiff utilizes a wheelchair, Dahlberg is without sufficient information to admit or deny the allegations and, on that basis, denies the allegations and puts Plaintiff to the strict proof thereof.

7. In response to the allegations of paragraph 6, Dahlberg admits that Plaintiff uses a wheelchair. Dahlberg is without sufficient information to admit or deny the remaining allegations and, on that basis, denies the allegations and puts Plaintiff to the strict proof thereof.

8. In response to the allegations of paragraph 7, Dahlberg is without sufficient information to admit or deny the location of Plaintiff's residence and, on that basis, denies the allegation and puts Plaintiff to the strict proof thereof. Dahlberg admits the remaining allegations.

9. In response to the allegations of paragraph 8, Dahlberg admits that Plaintiff visited its store with his wife in early July, 2013. Dahlberg is without sufficient information to

admit or deny the remaining allegations and, on that basis, denies the allegations and puts Plaintiff to the strict proof thereof.

10. In response to the allegations of paragraph 9, Dahlberg admits that Plaintiff entered the front store entrance with the assistance of his wife who helped maneuver Plaintiff in his wheelchair up the 4 and ½" step into the store. Dahlberg denies the remaining allegations, and alleges that its store has a fully accessible entrance for disabled persons at the rear of the store which is open when the store is open for business.

11. Dahlberg denies the allegations of paragraph 10.

12. In response to the allegations of paragraph 11, Dahlberg admits that Plaintiff asked to use the restroom and that the restroom lacks grab bars. Dahlberg denies the remaining allegations, and affirmatively alleges that the restroom is not offered to or available to the public. Dahlberg alleges that the restroom is for staff use and that it permitted Plaintiff to use the restroom on this occasion in an effort to be accommodating.

13. In response to the allegations of paragraph 12, Dahlberg admits its store is a place of public accommodation. The balance of the allegations are legal conclusions to which no response is required.

14. Dahlberg denies the allegations of paragraph 13.

15. In response to the allegations of paragraphs 14 through 24, and all subparts thereof, Dahlberg states that the allegations are legal conclusions to which no response is required and that the terms of the statutes and regulations referenced therein speak for themselves.

16. Dahlberg denies the allegation of paragraph 25 and all subparts thereof. Dahlberg affirmatively alleges that there is an accessible entrance at the rear of the building, that the public areas of the store are accessible and that the restroom is not offered to or available for public use.

17. Dahlberg denies the allegations of paragraphs 26 and 27.

18. In response to the allegations of paragraph 28, Dahlberg denies that its store is not in compliance with the law. The balance of the allegations are legal conclusions to which no response is required and the terms of the statutes and regulations referenced therein speak for themselves.

19. Dahlberg is without sufficient information to admit or deny the allegations in paragraphs 29 and 30 and, on that basis, denies the allegations and puts Plaintiff to the strict proof thereof.

20. Dahlberg denies the allegations of paragraph 31.

21. In response to the allegations of paragraph 32, Dahlberg restates and realleges its response to paragraphs 1 through 57.

22. Dahlberg denies the allegations of paragraphs 33 through 37.

23. Dahlberg affirmatively denies that Plaintiff is entitled to any declaratory or injunctive relief or attorneys fees, costs or expenses.

24. Dahlberg affirmatively asserts that Plaintiff has failed to state a claim upon which relief can be granted.

25. Dahlberg affirmatively asserts that its store is compliant with the ADA, its existing implementing regulations and any other law regarding accessibility for disabled persons.

26.     Dahlberg affirmatively asserts that the modifications which Plaintiff seeks to have made to Dahlberg's premises are unnecessary, not readily achievable and would impose an undue burden on Dahlberg.

**WHEREFORE,** Defendant L. Dahlberg Enterprises, Inc. requests that Plaintiff take nothing by his Complaint, that the Complaint be dismissed with prejudice and on the merits, and that L. Dahlberg Enterprises, Inc. have judgment in its favor, together with costs and disbursements and any other remedy allowed by law.

**COUSINEAU McGUIRE CHARTERED**

Dated: August 19, 2013

By:  /s/ Robyn K. Johnson
**ROBYN K. JOHNSON #0309734**
Attorneys for Defendant L. Dahlberg Enterprises, Inc.
1550 Utica Avenue South
Suite 600
Minneapolis, Minnesota 55416-5318
(952) 546-8400

1549891